**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OPUS BANK,<br>A California commercial bank<br>      Plaintiff - Appellee,<br><br>v.<br><br>LIBERTY INSURANCE<br>UNDERWRITERS, INC., a New York<br>Corporation,<br><br>      Defendant - Appellant. | No. 13-56231<br><br>D.C. No. 8:13-cv-00469-CJC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted October 21, 2015**
Pasadena, California

Before: IKUTA and OWENS, Circuit Judges,  and SESSIONS,*** District Judge.

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    \*\*\*      The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

Liberty Insurance Underwriters, Inc. ("Liberty") appeals the district court's summary judgment order in favor of Opus Bank ("Opus") on Opus's duty to defend claim. Having jurisdiction under 28 U.S.C. § 1291, we review *de novo*, *see Padfield v. AIG Life Ins. Co.*, 290 F.3d 1121, 1124 (9th Cir. 2002), and affirm the order of the district court.

First, the district court properly held that Liberty has a duty to defend. Liberty sold Opus an insurance policy for the period beginning September 30, 2010 and ending September 30, 2011. The policy contained a prior acts exclusion, the first sentence of which stated:

> The Insurer shall not be liable for Loss on account of any Claim made against any Insured based upon, arising out of or attributable to any Wrongful Acts that were committed, attempted, or occurred or were allegedly committed, attempted, or occurred, in whole or in part prior to September 30, 2010.

During the policy period, Opus executive Sheryl Morehead resigned her position after complaining about bank management practices. Ms. Morehead's attorney subsequently sent Opus a demand letter alleging fraudulent misrepresentations made prior to the policy period, and retaliatory misconduct during the policy period.

There is no dispute that Opus provided timely notice to Liberty regarding the circumstances of Ms. Morehead's departure. Nor is there a dispute that the policy specifically included retaliation as a covered act. Nonetheless, when Opus asked Liberty

to provide a defense for the allegations set forth in the demand letter, Liberty declined on the basis of the prior acts exclusion.

Liberty contends that the terms "Claim," "Loss," and "any" in the prior acts exclusion must be construed as representing a single harm, and that any pre-policy acts causing such harm bar coverage for the entire claim.[1]  However, it is not clear from the policy whether a "Claim" constitutes a single group of events or a divisible set of wrongful acts.  Furthermore, a "Loss" arises out of a demand, but presumably only for covered conduct.  The word "any" (as in "any Wrongful Acts") opens the exclusion to all wrongful acts predating the policy term, but does not necessarily require combining them with other wrongful acts to prevent coverage of a broader claim.

Under California law, "ambiguities are generally construed . . . in order to protect the insured's reasonable expectation of coverage." *Powerine Oil Co., Inc. v. Superior Court*, 37 Cal. 4th 377, 391 (2005).  Also, "[a]ny doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor." *Anthem Elecs., Inc. v. Pac. Emplrs. Ins. Co.*, 302 F.3d 1049, 1054 (9th Cir. 2002); *see Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 23 (1995) (holding that claims are to be "liberally construed" in favor of coverage).  A duty to defend is triggered if the insured shows that

---

[1]The district court noted in its opinion that although the demand letter was broad, the complaint ultimately filed in state court did not allege "fraudulent hiring, unpaid wages, or any relevant pre-policy conduct."

"the underlying claim *may* fall within policy coverage; the insurer must prove it *cannot*."

*Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 300 (emphases in original).

"Once the defense duty attaches, the insurer is obligated to defend against all of the claims involved in the action, both covered and noncovered, until the insurer produces undeniable evidence supporting an allocation of a specific portion of the defense costs to a noncovered claim." *Horace Mann Ins. Co. v. Barbara B*., 4 Cal. 4th 1076, 1081 (1993).

Here, covered acts of retaliation occurred within the policy period. While Liberty argues that coverage is barred by acts that occurred outside the policy period, its position is not supported by the clear terms of the policy, and California law requires construing those terms against Liberty. Because some of Ms. Morehead's claims plainly included covered acts, Liberty has a duty to defend and the District Court did not err on this point.

We also find no error in the District Court's denial of Liberty's second *ex parte* request for a continuance. This Court reviews that ruling for an abuse of discretion. *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes,* 323 F.3d 767, 773 (9th Cir. 2003). The district court had already allowed one continuance, and acted well within its discretion in denying an eleventh hour request for a second continuance for the development of facts and arguments.

**AFFIRMED.**

4